# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00682-RJC-DSC

| | |
|---|---|
| MILAGROS B. MACHER, | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| HIGHLAND TRACE APARTMENTS AND GELLER ASSOCIATES, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendant's Motion for Partial Dismissal of Plaintiff's Complaint" Doc. 7, and the parties' associated briefs and exhibits, Docs. 8, 17-19.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion for Partial Dismissal be granted as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On November 27, 2017, Plaintiff filed a form Complaint alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act ("ADA"). See Doc. 1. Plaintiff alleges claims for sexual harassment, general harassment, denial of equal pay and work, termination, and retaliation on the basis of her sex, national origin and

association with a disabled individual occurring during her employment at Highland Trace Apartments.

On March 26, 2018, Defendants filed this Partial Motion to Dismiss. See Docs. 7-8. Plaintiff failed to respond.  On April 14, 2018, the Court issued an Order to Show Cause directing Plaintiff to file a response to the pending Motion for Partial Dismissal and show cause why the Complaint should not be dismissed for failure to prosecute. See Doc. 14.  On May 14, 2018, Plaintiff filed a Motion requesting additional time to respond to the Order to Show Cause, which the Court granted on May 15, 2018.  See Docs. 15, 16.  On June 1, 2018, Plaintiff filed a Response to the pending Motion for Partial Dismissal. See Doc. 17.  On June 8, 2018, Defendants filed their Reply.  See Doc. 18.

Defendants argue that Plaintiff's Title VII claim for national origin discrimination must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust her administrative remedies. They further argue that her claim for associational disability discrimination fails under Rule 12(b)(6) for lack of well pleaded factual allegations.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  The presence of subject matter jurisdiction is a threshold issue the court must determine before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). It is well-settled that a plaintiff must exhaust her administrative remedies before filing a lawsuit under Title VII.  Chacko v. Patuxent Inst., 429 F.3d 505, 513 (4th Cir. 2005); see also 42 U.S.C. § 2000e-5(f)(1). Plaintiff's failure to exhaust administrative remedies under

federal anti-discrimination laws is properly the subject of a motion to dismiss under Rule 12(b)(1). See Satterwhite v. Wal-Mart Stores E., L.P., No. 5:11-CV-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012); Brodrick v. Napolitano, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461, at *4 (W.D.N.C. Aug. 25, 2010).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

## III. DISCUSSION OF CLAIMS

### A. National Origin Discrimination Claim

"Before a plaintiff has standing to file suit under Title VII [and ADA], he must exhaust his administrative remedies by filing a charge with the EEOC [Equal Employment Opportunity Commission]." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); see also 42 U.S.C. § 2000e-5(f)(1); Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012). The general purpose behind this requirement is to afford the employer sufficient notice of the alleged violations and avoid unnecessary litigation. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). When a plaintiff fails to exhaust her administrative remedies in a Title VII or ADA action, the district court is deprived of subject matter jurisdiction. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

"In any subsequent lawsuit alleging unlawful employment practices under Title VII [or ADA], a federal court may only consider those allegations included in the EEOC charge." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013) (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones, 551 F.3d at 300 (quoting Evans, 80 F.3d at 963). Claims that fall outside the scope of the EEOC charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

When a plaintiff files an EEOC charge and alleges discrimination based upon one protected category, but neither checks the box to allege discrimination based upon another protected

category nor includes any discussion of that other category in the charge narrative, she has failed to bring the second claim before the EEOC. See Evans, 80 F.3d at 963 (4th Cir.1996).

Here, Plaintiff asserts a claim for national origin discrimination under Title VII. However, she did not raise the issue of national origin discrimination anywhere in her EEOC Charge. See Doc. 1 at p. 9. Plaintiff checked only the boxes for "sex", "disability" and "retaliation." She made no allegations whatsoever regarding discrimination or retaliation based upon national origin. See Id. Consequently, Plaintiff has failed to exhaust her administrative remedies as to her national origin discrimination claim and Defendants' Motion to dismiss should be granted.

### B. Associational Disability Discrimination Claim

To state a prima facie case of associational disability discrimination, a plaintiff must allege that: (1) she was associated with an individual with a disability as defined by the ADA and that her employer had knowledge of that association; (2) she suffered an adverse employment action; (3) at the time of such action, she was performing her job at a level that met her employer's legitimate expectations; and (4) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. See Ennis v. National Ass'n of Bus. and Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995). Specifically, a plaintiff must show that an adverse employment decision was based upon "unfounded stereotypes and assumptions arising from the employees' relationships with particular disabled persons." Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 215 (4th Cir. 2002); Tyndall v. Nat'l Educ. Ctrs., Inc. of Ca., 31 F.3d 209, 214 (4th Cir. 1994) (dismissing plaintiff's associational discrimination claim on grounds that termination was not based upon any assumptions regarding future absences related to her son's care).

Even assuming for purposes of this Motion that Plaintiff's son has a disability as defined by the ADA, that Defendants had knowledge of her son's disability, and that Plaintiff was subjected to an adverse employment action, she fails to allege any facts showing that she was performing her job at a level that met her employer's legitimate expectations. She also fails to draw a connection between her relationship with her son and her termination or any other alleged adverse employment action. Plaintiff's allegations of associational disability discrimination do not rise above speculation. Plaintiff has failed to state a claim upon which relief can be granted and the undersigned recommends that Defendants' Motion to dismiss be <u>granted</u>

## IV. <u>RECOMMENDATION</u>

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant's Motion for Partial Dismissal of Plaintiff's Complaint" Doc. 7, be **GRANTED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: July 23, 2018

David S. Cayer
United States Magistrate Judge